UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON C. S., ) | Case No. ED CV 19-874-PJW |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION AND ORDER |
| v. ) | |
| ANDREW M. SAUL, ) | |
| COMMISSIONER OF THE ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| Defendant. ) | |

I.

INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income ("SSI"). She contends that the Administrative Law Judge ("ALJ") erred when he determined that she could perform the jobs of marker and cleaner. For the reasons explained below, the Court concludes that the ALJ's finding that Plaintiff could perform the job of marker is supported by substantial evidence and, therefore, the ALJ's decision is affirmed.[1]

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul, Commissioner of the Social Security
(continued...)

## II.

## SUMMARY OF PROCEEDINGS

In July 2013, Plaintiff was found to be disabled due to affective and anxiety disorders. (Administrative Record ("AR") 112-121.) In February 2017, the Agency conducted a continuing disability review and determined that Plaintiff was no longer disabled. (AR 141-148, 177-180.) Plaintiff requested and was granted a hearing before an ALJ. (AR 181-197.) In May 2018, Plaintiff appeared with counsel and testified at the hearing. (AR 46-47, 67-78.) That same month, the ALJ found that Plaintiff was no longer disabled. (AR 10-24.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-3.) She then filed the instant action.

## III.

## ANALYSIS

The ALJ determined that Plaintiff could not perform fast-paced work. (AR at 19.) Despite this limitation, he found that she could perform the job of marker (i.e., someone who attaches price tags to products in a store). (AR 24, 78-82.) Plaintiff argues that the ALJ erred in doing so because the marker job requires frequent handling and reaching as well as "repetitive or short-cycle work," both of which Plaintiff equates with fast-paced work. (Joint Stip. at 8; Dictionary of Occupational Titles ("DOT") No. 209.587-034.) This argument is rejected. There is nothing in the DOT that defines frequent handling and reaching or "repetitive or short-cycle work" as fast-paced. *See* DOT No. 209.587-034. Nor has Plaintiff cited to any

---

[1] (...continued)
Administration, is substituted in as the defendant.

2

case law to support her argument that the requirements are interchangeable with fast-paced work.

Plaintiff looks for support in the Social Security Administration's Program Operations Manual System ("POMS"). As she points out, POMS specifies that unskilled work, like the job of marker, is to be performed "at a consistent pace without an unreasonable number and length of rest periods." (Joint Stip. at 8-9.) In Plaintiff's view, this description translates into fast-paced work. Here, again, the Court disagrees. To begin with, POMS is not binding on the ALJ or the Court. *Shaibi v. Berryhill*, 870 F.3d 874, 880 (9th Cir. 2017) (citing *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010)). The DOT is the presumptive authority and it does not describe the job of marker as fast-paced. *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) (finding DOT is the rebuttable presumptive authority on job classifications). Second, even assuming that POMS was controlling, it would not mandate reversal here because the POMS section cited by Plaintiff describes the mental abilities needed for the job, not the physical abilities, which is Plaintiff's focus in the case at bar. POMS DI 25020.010(B)(3)(I).

Plaintiff argues that the Court should rely on its common experience to conclude that most people would consider the marker job fast-paced. (Joint Stip. at 9.) The Court does not find this argument persuasive. The Court has had limited experience with markers and has no idea what most people would think about the pace of the work. In the absence of such contradictory experience, the Court will uphold the ALJ's reliance on the DOT and the vocational expert to conclude that Plaintiff could perform the work of a marker. Further,

because there are 300,000 marker jobs in the national economy, the ALJ was warranted in concluding that Plaintiff could find work. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014) (holding 25,000 jobs across several regions is enough to uphold ALJ's decision that there were significant number of jobs in national economy).

Plaintiff contends that the ALJ also erred in concluding that she could work as a cleaner because that job is fast-paced and requires contact with the public. (Joint Stip. at 7-9; AR at 19, 24.) Though the Court is inclined to agree with Plaintiff that the cleaner job requires public contact, it need not decide whether the ALJ erred in concluding that Plaintiff could perform this job because, even assuming that he did, there are enough marker jobs in the national economy to support his conclusion that Plaintiff was not disabled. *See Gray v. Comm'r of Soc. Sec.*, 365 Fed. App'x 60, 63 (9th Cir. 2010) (affirming ALJ's decision where claimant could perform only one of three jobs identified by the ALJ but significant number of jobs in national economy for that one job supported ALJ's decision that claimant was not disabled). As such, the ALJ's decision is affirmed.

## IV.

## CONCLUSION

For these reasons, the Agency's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: April 13, 2020.

*Patrick J. Walsh*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\SHANNON S, ED 19-874\Memo Opinion and Order.wpd